UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

        v.                            Case No.   1:13cr21-3

Bryan Bailey,                          Judge Michael R. Barrett

    Defendant.

## **ORDER**

    This matter is before the Court on Defendant Bryan Bailey's Motion for Judicial Recommendation on Residential Re-Entry Center Placement. (Doc. 211).

    On October 30, 2013, Defendant pleaded guilty to Count One of the Indictment: conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and 846. On February 4, 2016, this Court sentenced Petitioner to 198 months in prison and 10 years of supervised release; and judgment was entered on February 9, 2016. (Doc. 121, 129). Defendant seeks a recommendation from this Court to the Bureau of Prisons ("BOP") that he serve the final twelve months of his sentence in residential re-entry ("RRC") placement.

    The Second Chance Act, Pub.L. No. 110–199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to "authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009) (citing *Montes v. Sanders*, No. CV 07–7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008)). The BOP's "decision to place an inmate in a pre-release community

confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *United States v. Franklin*, No. 15-20283, 2019 WL 4942033, at *1 (E.D. Mich. Oct. 8, 2019) (quoting *United States v. George*, 2018 WL 2148179 at *2 (E.D. Mich. May 10, 2018)); *see also* 18 U.S.C. § 3624(c). One of these factors is the sentencing court's recommendation, but that recommendation is not binding. 18 U.S.C. § 3621(b). ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

As one district court has noted, the BOP evaluates inmates for residential re-entry center placement 17 to 19 months before their projected release dates. *United States v. Parks*, 2018 WL 3135940 at *1 (N.D. Ohio June 27, 2018). Several courts have concluded that there is no compelling reason for a court to recommend an inmate to an RRC prior to the BOP's own review period of 17 to 19 months before the release date. *Id*. (citing *Brown v. Shartle*, No. 4:10CV1000, 2010 WL 2697052, at *2 (N.D. Ohio July 6, 2010) (holding that the court could not order the BOP to consider defendant for RRC placement because defendant invoked the Second Chance Act before the 17 to 19 month period); *Kennard v. Holland*, No. 12–CV–200–KKC, 2013 WL 492365, at *2 (E.D. Ky. Feb. 8, 2013) (noting that the BOP cannot properly evaluate an inmate for RRC placement until 17 to 19 months prior to the end of his or her sentence)). Here, Defendant's projected release date is in 2024, which is more than 19 months prior to the end of his sentence. Because Defendant's request is premature, the Court will deny the request to make a judicial recommendation at this time.

Accordingly, Defendant's Motion for Judicial Recommendation on Residential Re-Entry Center Placement (Doc. 211) is **DENIED without PREJUDICE**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　　　　　Michael R. Barrett
　　　　　　　　　　　　　　　　　　　　　　United States District Judge